UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by ___ D.C.
NOV 29 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

------------------------------------------------------------x
BRENDA SAPIR, ET AL.,                         :
                                              :
         Plaintiffs,                          :
                                              :
vs.                                           :
                                              :   CIVIL ACTION
DELPHI VENTURES,                              :   NO. 99-8086-CIV-JORDAN
DELPHI BIOINVESTMENTS III, L.P.,              :
DELPHI VENTURES III, L.P.,                    :   CLASS ACTION
OAK INVESTMENT PARTNERS VI, L.P.,             :
OAK VI AFFILIATES FUND, L.P.,                 :
DONALD J. LOTHROP,                            :
ANN H. LAMONT,                                :
NARESH NAGPAL, M.D.,                          :
DAVID H. FATER,                               :
HAMBRECHT & QUIST LLC,                        :
RAYMOND JAMES & ASSOCIATES, INC.,             :
VOLPE BROWN WHELAN &                          :
COMPANY, LLC, AND                             :
ERNST & YOUNG, LLP,                           :
                                              :
         Defendants.                          :
------------------------------------------------------------x

CLOSED CIVIL CASE

**FINAL JUDGMENT OF DISMISSAL WITH
PREJUDICE AS TO CERTAIN DEFENDANTS**

On the 5th day of October, 2001, a hearing having been held before this Court to determine: (1) whether the terms and conditions of a Stipulation and Agreement of Settlement dated as of March 6, 2001 and a Stipulation and Agreement of Settlement dated as of July 12, 2001 (collectively, the "Stipulation"), should be approved as fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendants Delphi Ventures, Delphi Bioinvestments III, L.P., Delphi Ventures III, L.P., Oak Investment Partners VI, LP., Oak VI Affiliates Fund, L.P., Donald J. Lothrop, Ann H. Lamont, Naresh Nagpal, M.D.,



David H. Fater, Hambrecht & Quist LLC, Raymond James & Associates, Inc., Volpe Brown Whelan & Company, LLC, and Ernst & Young, LLP, together with BMJ Medical Management, Inc. ("BMJ"), BMJ's insurer, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and related persons (collectively, the "Settling Defendants"), including the releases provided for therein; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Settling Defendants, as to all persons or entities who are members of the Class herein who have not timely requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel attorneys' fees and reimbursement of costs and expenses, including the costs and expenses of experts. The Court having considered all pleadings, papers and other matters submitted for the Settlement Fairness Hearing and otherwise pursuant to Federal Rule of Civil Procedure 23, the PSLRA and the Securities Act of 1933;* and it appearing that notice of the hearing (the "Notice") substantially in the form approved by prior Orders of the Court was mailed to all Class members who, during the Class Period February 4, 1998 through and including December 16, 1998, purchased common stock of BMJ pursuant or traceable to BMJ's Prospectus; and that a summary notice (the "Summary Notice") of the settlement was caused to be published substantially in the form approved by the Court in the national edition of *The Wall Street Journal* and electronically via *PR Newswire* in accordance with the directives of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation costs and expenses requested; and capitalized terms used but not otherwise defined herein having the meanings set forth in the Stipulation.

---

\* The Court has also reviewed the second supplemental affidavit of CPA Edward Sincavage, which was night-box filed on October 5, 2001.

2

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED, as follows:

1.  The Court has jurisdiction over the subject matter of the Action, the members of the Class and the Settling Defendants.

2.  The Notice of the settlement and of other matters set forth therein given to the Class as directed by the Court was the best notice practicable under the circumstances, including individual notice to all Class members who could be identified through reasonable effort, as well as valid, due and sufficient notice to all persons entitled thereto, and complied fully with the requirements of Fed.R.Civ.P. 23, the Constitution of the United States, the PSLRA and other applicable law.

3.  The Stipulation is approved as fair, reasonable and adequate, and the parties thereto are directed to consummate the Stipulation in accordance with its terms and provisions.

4.  The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, against all of the Settling Defendants.

5.  The term "Released Claims" means all suits, claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, fraud, negligent misrepresentation, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Class Representative or member of the Class against the Settling Defendants or Released Persons or any of them arising out of, relating to or in connection with purchases, sales, ownership, transfers or acquisitions by any means, directly or indirectly, of BMJ common stock, or arising out of or relating to any of the facts alleged or

which could have been alleged in the Complaint filed in this Action.

6. "Unknown Claims" means Released Claims which Class members do not know or suspect to exist in their favor at the time of the release of the Released Persons which, if known by them, might have affected their settlement with the Settling Defendants and release of the Released Persons or other action including, but not limited to, the decision not to object to the settlement. The Class Representatives and members of the Class expressly waive any and all rights that they may have under any statute, regulation or common law principle that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of execution of this Stipulation including the provisions of section 1542 of the California Civil Code to the extent deemed applicable (notwithstanding that this Stipulation does not provide for the application of California law), which provides as follows:

> 1542. <u>Certain claims not affected by general release</u>  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

7. The term "Released Persons" means the Settling Defendants and any and all of the Settling Defendants' past or present parents, subsidiaries, affiliates, partners, employees, directors, officers, principals, insurers, consultants, advisors, agents, accountants, attorneys (including, without limitation, the Settling Defendants' Counsel and E&Y's Counsel), and all of the respective predecessors, successors, assigns, agents, heirs, representatives, executors and administrators of the foregoing.

8. The Class Representatives and the members of the Class (and such person's "affiliates" or "associates" or other entities "controlled" by them as defined in SEC Rule 12b-2),

4

and anyone claiming through or on behalf of any of them, except those who timely and validly exclude themselves from the Class, are barred and enjoined forever from commencing, instituting, prosecuting or continuing to prosecute any claim or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, which asserts any Released Claim against any Released Person.

9. Each of the Released Persons shall hereby be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Class Representatives, the members of the Class and Plaintiffs' Counsel (and such person's "affiliates" or "associates" or other entities "controlled" by them as defined in SEC Rule 12b-2), from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Action under any state, federal or foreign statutory rule or common law; provided, however, that nothing in this Stipulation shall bar any action or release any claim to enforce the terms of the Stipulation or this Final Judgment.

10. All actions and claims for contribution, indemnity and any similar claims or theories by, between or among the Settling Defendants or any of them which are based upon or relate to or arise out of the Released Claims, this Action or the Settlement of this Action, are forever barred and the filing of any such claim, whether in this Action or in any other court, arbitration, administrative agency or proceeding in any other forum, is hereby enjoined.

11. Neither this Final Judgment, the Stipulation, nor any of the terms and provisions of such documents, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements referred to therein shall be:

 (a) offered or received against the Settling Defendants as evidence of or

5

construed as or deemed to be evidence of any presumption, concession or admission by any of the Settling Defendants of the truth of any allegation in the Complaint or the validity of any claim that has been or could have been asserted in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Settling Defendants;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or offered or received against the members of the Class, as evidence of any infirmity in the claims the Class alleges or could have alleged against the Settling Defendants in the Action;

(c) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Final Judgment;

(d) construed against the Settling Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against the members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount of the settlement proceeds established for the Class in this Action.

12. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions, including without limitation all Proofs of Claim in connection therewith.

13. The Court finds that all Parties to the Stipulation and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Plaintiffs' Counsel are hereby awarded __30__ % c/jad of the settlement proceeds established for the Class in this Action as and for their attorneys' fees, which sum the Court finds to be fair and reasonable, and which percentage shall be payable directly from the said settlement proceeds. Plaintiffs' Counsel are also hereby awarded $ __61,223.22__ c/jad ** in reimbursement of costs and expenses from the said settlement proceeds. Plaintiffs' Counsel are also hereby awarded interest on said attorney fees and expenses from the date the respective proceeds in the Settlement Fund Account were funded to the date of payment at the same net rate that the Settlement Fund earns. The above amounts shall be paid to Plaintiffs' Counsel, pursuant to the terms of the Stipulation, from the Settlement Fund Account. The award of attorneys' fees shall be allocated by and among Plaintiffs' Counsel in a fashion which they, in their opinion and sole discretion, deem appropriate.

15. The Court hereby retains jurisdiction over the Settling Defendants and all Class members in connection with all matters relating to this Action, including without limitation the administration, interpretation, effectuation or enforcement of the Stipulation and this Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement Fund. c/jad

---

** After reviewing the record, including the billing records submitted at the hearing on October 5, 2001, the Court finds that the requested costs are appropriate and that a 30% award is proper under the common fund framework. See Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1294-97 (11th Cir. 1999).

16. No Class member or Authorized Claimant shall have any claim against Plaintiffs' Counsel, the Claims Administrator or other agent designated by Plaintiffs' Counsel based on distributions made substantially in accordance with the settlement, the Plan of Allocation or as approved by the Court. No Class member or Authorized Claimant shall have any claim against any Settling Defendant, any Settling Defendants' Counsel or any of the Released Persons with respect to the investment or distribution of the Settlement Fund, the determination, administration, calculation or payment of claims, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class members.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Judgment of dismissal, and the Clerk of Court is expressly directed to enter this Final Judgment of dismissal.

Dated: Miami, Florida

November 29, 2001

BY THE COURT:

_____
ADALBERTO JORDAN
UNITED STATES DISTRICT JUDGE

335999.wpd

8